## Case No. 6,633.

### In re HOLMES.

[1 N. Y. Leg. Obs. 211; 5 Law Rep. 360.]

District Court, D. Maine. Sept., 1842.

BANKRUPTCY—PREVIOUS ASSIGNMENT—OPERATION OF LAW.

1. When the bankrupt law came into operation, it suspended all action upon future cases, arising under the state insolvent law. Where, however, the jurisdiction over a case, has been acquired by the state tribunals before the bankrupt law was in force, and rights have been acquired under the proceedings, the bankrupt law has not a retroactive operation to invalidate proceedings that were legal at the time when they took place; but, the state law having attached and fixed the rights of parties, they are entitled to proceed in the matter, and have the estate settled and distributed in conformity with the provisions of that law.

2. Where a debtor under an assignment for the benefit of his creditors in April, 1836, with a proviso that the creditors should release and discharge him from their debts in consideration of the dividends they might receive: Held that, although such an assignment is in itself an act of bankruptcy, if made while the bankrupt act is in force, yet such assignment having been made before the bankrupt law came into operation, the bankrupt law does not, by relation back, have the effect of rendering it void ab initio. Held, also, that the creditors who came in under such assignment were not preferred creditors.

[Cited in Day v. Bardwell, 97 Mass. 255.]

[In bankruptcy. In the matter of Charles W. Holmes.]

Howard & Osgood, for bankrupt.
Mr. Willis, for creditors.

WARE, District Judge. The first question, which has been argued upon the agreed statement of the facts, is, whether the assignee, under the voluntary assignment, shall retain and administer the estate under the state insolvent law, or the assets shall pass to the assignee of the bankrupt to be administered in bankruptcy. The assignment was good and valid to pass the property under the statute of Maine, of April 1, 1836 [Laws Me. 1832–39, p. 374], unless it was rendered void by re-

quiring of the creditors a discharge of the debtor, as a condition of their becoming parties to taking any advantage under the assignment. The act requires that all assignments made by debtors for the benefit of creditors shall provide for an equal distribution of all the estate among such creditors as become parties to it, but is silent as to any terms which the debtor may impose as a condition of taking under it. The debtor has required in this case of the creditors, as a condition, a release and discharge from the whole debt in consideration of the dividend they may receive, although it may not be fully paid. The decisions of the courts of this state have established the principle, as a rule of local law, that such a condition in an assignment does not destroy its validity, nor render it void as being fraudulent against creditors. 5 Greenl. 245; 6 Greenl. 375; 2 Fairf. [11 Me.] 41. It would seem, therefore, that the assignment may be supported as a valid assignment under the statute, although it is connected with conditions not named in the act, such conditions being authorized by the local law.

The assignment had been made, the creditors had become parties to it, the estate was disposed of, and one creditor had been paid his dividend before the bankrupt act went into operation. It was decided by the circuit court, in Ex parte Eames [Case No. 4,237], that the bankrupt law, as soon as it went into operation, suspended all action on future cases, arising under state insolvent laws, where the insolvent persons came within the purview of the bankrupt act. But the decision is expressly limited to future cases; and it is stated, in the opinion of the court, that different considerations might apply where proceedings had already been commenced under the state laws. Where the jurisdiction over the case has been acquired by the state tribunals before the bankrupt law was in force, and rights have been acquired under the proceedings, the bankrupt law cannot have a retroactive operation to invalidate proceedings that were legal at the time when they took place. And the state law, having attached and fixed the rights of parties, they are entitled to proceed in the matter, and have the estate settled and distributed in conformity with the provisions of that law.

My opinion is, that the assignees, under the voluntary assignment, have a right to retain the property, and administer it under the state law. It may be true, as was contended at the argument, that such an assignment is, of itself, an act of bankruptcy, and consequently is sufficient to bring the party and his estate within the jurisdiction of the bankrupt court, if made when the bankrupt act is in force. But having been made before, and when it was a legal and valid act, the bankrupt law will not, by relation back, have the effect of rendering it illegal and void ab initio.

The second question is, whether the petitioner is entitled to his discharge. The objec-

tion is founded on the assignment. The proviso in the second section of the act declares, that if it shall be made to appear in a case of voluntary bankruptcy, that the bankrupt has, in contemplation of the passage of the bankrupt law, by assignment or otherwise, given or secured any preference to one creditor over another, he shall not receive his discharge, unless the same shall be assented to by a majority in interest of those creditors who have not been so preferred. There is no preference in this assignment made by the deed itself. By annexing to it a condition, that the creditors, by becoming parties, and taking under the assignment, shall discharge the debtor, it may, in its operation, establish preferences. But then the condition, to which the creditors are required to submit, is nothing more than would result from bankruptcy; that is, it operates to discharge the debtor. This is not such a preference, in my opinion, as is condemned by this proviso in the law.

See Ex parte Quackenboss [Case No. 11,489].